MEMORANDUM **
Lixin Yang, a native and citizen of China, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing her appeal from an immigration judge’s (“IJ”) decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, Singh v. Gonzales, 439 F.3d 1100, 1105 (9th Cir.2006), and we grant the petition for review.
The BIA affirmed the IJ’s adverse credibility determination based upon one discrepancy between Yang’s testimony at her merits hearing and the asylum officer’s Assessment to Refer (“Assessment”). Yang’s asylum interview had no transcript, there was no indication that Yang’s statements during the interview were made under oath or with a translator, the asylum officer did not testify at the merits hear *490 ing, and Yang was not provided with an opportunity to review the Assessment pri- or to the merits hearing. Because the asylum interview in this case lacks certain important indicia of reliability, the BIA erred in relying on the Assessment exclusively, and the adverse credibility determination is not supported by substantial evidence. See Singh v. Gonzales, 403 F.3d 1081, 1089-90 (9th Cir.2005) (an assessment to refer lacking indicia of reliability, standing alone, is not substantial record evidence supporting an adverse credibility ground). Accordingly, we grant the petition and remand for further proceedings, see INS v. Ventura, 537 U.S. 12, 16-18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam), with Yang’s testimony deemed credible, see Soto-Olarte v. Holder, 555 F.3d 1089, 1095-96 (9th Cir.2009).
PETITION FOR REVIEW GRANTED; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.